UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN R. JOHNSON,<br><br>      *Plaintiff*,<br><br>v.<br><br>UNITED STATES FEDERAL GOVERN-MENT,<br><br>      *Defendant*. | Civil Action No. 23-3924 (TJK) |

## MEMORANDUM ORDER

Plaintiff Warren Johnson, proceeding pro se, sues the United States and what appear to be four employees of the Environmental Protection Agency ("EPA") seeking "a total review of [his 1994] case" against the agency, No. 94-cv-2743 (D.D.C.), alleging fraud and employment discrimination.[1] ECF No. 1. Defendant United States moves to dismiss Johnson's complaint for insufficient service of process under Rule 12(b)(5).[2] ECF No. 12. For the reasons explained below, rather than dismiss the case, the Court will provide Johnson leave to properly effectuate service.

The plaintiff bears the burden of proving that he has effectuated proper service. *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "To do so, he must demonstrate that the procedure employed satisfied the requirements

---

[1] The address listed in the Complaint for both the United States and the four named employees is that of the EPA. ECF No. 1 at 2–3.

[2] The motion was timely. In his response to the motion, Johnson asks for default judgment because "the defendant [sic] response happened on the 61st day depending on who's counting or where you are counting from." ECF No. 14 at 19. FedEx delivered the summons and complaint to the U.S. Attorney's Office on May 10, 2024. ECF No. 10 at 8. Even if service was perfected at that time, the United States still had 60 days to respond, Fed. R. Civ. P. 12(a)(2), and moved to dismiss 60 days later, on July 9, 2024.

of the relevant portions of Rule 4 [(which governs summonses)] and any other applicable provision of law." *Light*, 816 F.2d at 751 (quotation omitted). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). Actual or constructive notice "is not a substitute for proper service." *Salmeron v. District of Columbia*, 113 F. Supp. 3d 263, 269 (D.D.C. 2015).

Johnson has not shown that he successfully served process on any Defendant, which he purports to have done by sending the complaint and summons by mail to the U.S. Attorney for the District of Columbia and the Attorney General. ECF No. 10. But under the relevant federal rules, that is not enough.

To serve the United States, a party must (1) either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or mail a copy of each "to the civil-process clerk at the United States attorney's office," and (2) send a copy of each to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). So far, so good. But Johnson did so himself, rather than through a third party. ECF No. 10. "[A] party may [not] serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). And "'Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant . . . by mail.'" *Bullock v. Hana Indus., Inc.*, No. 22-cv-2608 (DLF), 2024 WL 620440, at *2 (D.D.C. Feb. 14, 2024) (citing *Judd v. FCC*, 276 F.R.D. 1, 6 (D.D.C. 2011)); *see also Cornish v. United States*, 885 F. Supp. 2d 198, 204–05 (D.D.C. 2012); *Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 22-cv-818 (CJN), 2024 WL 939979, at *2–3 (D.D.C. Mar. 5, 2024). So Johnson did not successfully serve the United States.

As far as the other four Defendants go, to serve them, Johnson must comply with other parts of Federal Rule of Civil Procedure 4(i). To the extent he wishes to maintain a suit against a

United States employee in an official capacity, he must serve not only the United States but "also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." Fed. R. Civ. P. 4(i)(2). Johnson's attempt to effectuate service on these Defendants comes up short under this part of the rule for several reasons. First, for the reasons explained above, he did not successfully serve the United States. Second, he sent nothing—as far as the Court can tell—to any of these Defendants at all, let alone by registered or certified mail.[3] And to the extent that he seeks to sue these Defendants in a personal capacity, he must serve them under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). Nothing in the record suggests he tried to do so. Thus, he has failed to show that he served the other four Defendants as well.

"Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983). In *Barot v. Embassy of the Republic of Zambia*, "the D.C. Circuit held that it was an abuse of discretion to dismiss for insufficient service of process when (1) the service attempt 'came very close to satisfying the Act's requirements . . . [thus] showing good faith;' (2) 'the statute of limitations [had] run on [the plaintiff's] claims;' and (3) '[the defendant] [had] identified no particular prejudice it would suffer if [Plaintiff] were permitted another opportunity to make proper service.'" *L. Offs. of Arman Dabiri & Assocs. v. Agric. Bank of Sudan*, No. 17-cv-2497 (RDM), 2019 WL 231753, at *5 (D.D.C. Jan. 16, 2019) (citing *Barot v. Embassy of the Republic of Zam.*, 785 F.3d 26, 29 (D.C. Cir. 2015)). From a review of all his filings, Johnson's attempts at service, especially as a pro se litigant, appear to have been in good faith, and it is possible the statute of limitations has run on some of his claims.

---

[3] The Complaint does not specifically list the EPA as a defendant, although the address it provides for the United States is that of the EPA. Service on the EPA—a "United States agency"—would also be governed by Federal Rule of Civil Procedure 4(i)(2).

Moreover, the United States has identified no particular prejudice it would suffer if the Court permitted Johnson another chance at service and, to the contrary, invited the Court to do so. *See* ECF No. 12 at 3–4.

Finally, because the Court lacks jurisdiction over Defendants absent perfected service, and because the case cannot proceed without such service, the Court will deny Johnson's miscellaneous motions asking for substantive and procedural relief.

For all these reasons, it is hereby **ORDERED** that Johnson's Motion for Leave to File a Surreply, Motion for Order to Address Arguments in Totality, and Motion for an Audience with the Judge, ECF Nos. 16–18, are **DENIED**. It is further **ORDERED** that the United States' Motions to Dismiss, ECF No. 12, is **DENIED** without prejudice. It is further **ORDERED** that Johnson shall properly effectuate service on Defendants and file proof of such service, or otherwise move to extend the time for service, by September 16, 2024. Failure to do so may result in the dismissal of the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 15, 2024